IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


SULTAN SHAREEF                                                    PLAINTIFF

vs.                              Civil No. 4:11-cv-04103

MICHAEL J. ASTRUE                                                DEFENDANT
Commissioner, Social Security Administration

### MEMORANDUM OPINION

Sultan Shareef ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Supplemental Security Income ("SSI") and a period of disability under Title XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background:**

Plaintiff protectively filed an application for SSI on February 9, 2009.  (Tr. 11, 94-96).  Plaintiff alleged he was disabled due to diabetes and hepatitis. (Tr. 117).  Plaintiff alleged an onset date of June 1, 2003.  (Tr. 117).  This application was denied initially and again upon reconsideration.  (Tr. 38-44).  Thereafter, Plaintiff requested an administrative hearing on his

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

1

application and this hearing request was granted.  (Tr. 52-54).

Plaintiff's administrative hearing was held on October 19, 2010, in Texarkana, Arkansas. (Tr. 25-38).  Plaintiff was present and was represented by counsel, Greg Giles, at this hearing.  *Id.* Plaintiff testified at this hearing.  *Id.*  At the time of this hearing, Plaintiff was fifty-nine (59) years old, which is defined as a "person of advanced age" under 20 C.F.R. § 404.1563(d), and had a high school education.  (Tr. 27-28).

On December 3, 2010, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI.  (Tr. 11-20).  In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since February 9, 2009.  (Tr. 13, Finding 1).  The ALJ determined Plaintiff had the severe impairments of diabetes mellitus, hypertension, hepatitis B and C, and chronic lumbar pain.  (Tr. 13, Finding 2).  The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 16, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 17-19, Finding 4).  First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible.  *Id.*  Second, the ALJ determined Plaintiff retained the RFC for the full range of medium work.  *Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW").  (Tr. 19, Finding 5).  The ALJ determined Plaintiff had no PRW.  *Id.*  The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform.  (Tr. 20, Finding 9).  The ALJ then used Medical-Vocational Guidelines Rule 203.14 to reach a conclusion of "not disabled," based on Plaintiff's age, education, vocational background, and residual functional

2

capacity. *See* 20 C.F.R. pt. 404, subpt. P, app. 2, § 201.28.  (Tr. 20).  The ALJ then determined Plaintiff had not been under a "disability," as defined by the Act, at any time through the date of the decision.  (Tr. 20, Finding 10).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 5-7).  *See* 20 C.F.R. § 404.968.  The Appeals Council declined to review this unfavorable decision.  (Tr. 1-4).  On October 26, 2011, Plaintiff filed the present appeal.  ECF No. 1.  The Parties consented to the jurisdiction of this Court on November 10, 2011.  ECF No. 5.  Both Parties have filed appeal briefs.  ECF Nos. 8, 9.  This case is now ready for decision.

## 2. <u>Applicable Law:</u>

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of

3

proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. <u>Discussion</u>:**

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by

4

substantial evidence in the record.  ECF No. 8, Pg. 10-19.  Specifically, Plaintiff claims the ALJ

erred (1) in failing to properly assess his non-exertional limitations, (2) in failing to obtain testimony

from a vocational expert, and (3) in the credibility determination of Plaintiff.  In response, the

Defendant argues the ALJ did not err in any of his findings.  ECF No. 9.  Because this Court finds

the ALJ erred in the credibility determination of Plaintiff, this Court will only address this issue.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five

factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and

20 C.F.R. § 416.929.[2]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are

as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain;

(3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of

medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints

of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ

acknowledges and examines these factors prior to discounting the claimant's subjective complaints.

*See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these

five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are

not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v.*

*Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not perform a *Polaski* evaluation. Instead of evaluating the *Polaski* factors outlined above and stating valid reasons for discounting Plaintiff's subjective complaints, the ALJ only focused upon whether those subjective complaints were supported by his medical records. (Tr. 17-19). Indeed, in his opinion, the ALJ only made the following perfunctory statement regarding Plaintiff's subjective complaints:

> However, the claimant's most serious symptoms and limitations are simply outside the range of reasonable attribution according to the medical opinions of record.

(Tr. 12). Because the ALJ did not comply with the requirements of *Polaski*, this case must be reversed and remanded.[3]

## 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A

---

[3] This Court finds this case should be reversed and remanded only for the purpose of fully considering the *Polaski* factors and supplying valid reasons for discounting Plaintiff's subjective complaints. This opinion should not be interpreted as requiring Plaintiff be awarded disability benefits upon remand.

judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

ENTERED this **6th day of November 2012.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE