IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

SULTAN SHAREEF                                                          PLAINTIFF

vs.                                        Civil No. 4:11-cv-04103

MICHAEL J. ASTRUE                                                      DEFENDANT
Commissioner, Social Security Administration


## ORDER

Pending now before this Court is Plaintiff's Application for Attorney's Fees Under the Equal

Access to Justice Act ("EAJA").  ECF No. 12.  Defendant has responded to this Motion and objects

to the hourly rate requested for work performed in 2011and 2012 and the request that the EAJA

payment be made directly to him, instead of to Plaintiff.  ECF No. 14.  The Parties have consented

to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including

conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment

proceedings.  ECF No. 5.  Pursuant to this authority, the Court issues this Order.

1.      **Background:**

Sultan Shareef ("Plaintiff") appealed to this Court from the Secretary of the Social Security

Administration's ("SSA") denial of his request for disability benefits.  ECF No. 1.  On November

6, 2012, Plaintiff's case was reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g).

ECF No. 11.  On January 24, 2013, Plaintiff filed the present Motion requesting an award of

attorney's fees under the EAJA.  ECF No. 12.  With this Motion, Plaintiff requests an award of

attorney's fees of $3,604.51.  *Id.*  The attorney's fees represent 3.80 attorney hours at an hourly rate

of $179.31 for work performed in 2011 and 16.20 attorney hours at an hourly rate of $180.44 for

work performed in 2012 and 2013.  *Id.*  Defendant responded to this Motion on January 7, 2013 and

objects to the hourly rate requested for attorney work performed in 2011 and 2012.  ECF No. 14.

**2.** **Applicable Law:**

Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), a court must award attorney's fees to a prevailing social security claimant unless the Secretary's position in denying benefits was substantially justified.  The Secretary has the burden of proving that the denial of benefits was substantially justified.  *See Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir.1986) ("The Secretary bears the burden of proving that its position in the administrative and judicial proceedings below was substantially justified").  An EAJA application also must be made within thirty days of a final judgment in an action, *See* 28 U.S.C. § 2412(d)(1)(B), or within thirty days after the sixty day time for appeal has expired.  *See Shalala v. Schaefer,* 509 U.S. 292, 298 (1993).

An award of attorney's fees under the EAJA is appropriate even though, at the conclusion of the case, the plaintiff's attorney may be authorized to charge and to collect a fee pursuant to 42 U.S.C. § 406(b)(1).  Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985.  *See Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002) (citing Pub. L. No. 99-80, 99 Stat. 186 (1985)).  The United States Supreme Court stated that Congress harmonized an award of attorney's fees under the EAJA and under 42 U.S.C. § 406(b)(1) as follows:

> Fee awards may be made under both prescriptions [EAJA and 42 U.S.C. § 406(b)(1)], but  the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee.". . ."Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits."

*Id.*  Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to

shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *See id.*; *Cornella v. Schweiker,* 728 F.2d 978, 986 (8th Cir. 1984).

The statutory ceiling for an EAJA fee award is $125.00 per hour. *See* 28 U.S.C. § 2412(d)(2)(A). A court is only authorized to exceed this statutory rate if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.* A court may determine that there has been an increase in the cost of living, and may thereby increase the attorney's rate per hour, based upon the United States Department of Labor's Consumer Price Index ("CPI"). *See Johnson v. Sullivan,* 919 F.2d 503, 504 (8th Cir. 1990).

**3.    Discussion:**

In the present action, Plaintiff's case was remanded to the SSA. ECF No. 11. Defendant does not contest Plaintiff's claim that he is the prevailing party, does not oppose his application for fees under the EAJA, and does not object to the number of hours claim by Plaintiff's counsel. ECF No. 14. The Court construes this lack of opposition to this application as an admission that the government's decision to deny benefits was not "substantially justified" and that Plaintiff is the prevailing party.

Plaintiff requests a total award of $3,604.51 under the EAJA. ECF No. 12. Plaintiff requests these fees at an hourly rate of $179.31 for work performed in 2011 and an hourly rate of $180.44 for work performed in 2012 and 2013. *Id.* An enhanced hourly rate is authorized by the EAJA as long as a Consumer Price Index ("CPI") justifies such the enhanced hourly rate. *See* 28 U.S.C. § 2412(d)(2)(A). *See also Johnson,* 919 F.2d at 504. In this case, Plaintiff has submitted the CPI calculations justifying an enhanced hourly rate. ECF No. 12. Although Defendant agrees Plaintiff

is entitled to an enhanced hourly rate,  Defendant opposes the requested rate of $179.31 for attorney work performed in 2011 and the requested rate of $180.44 for attorney work performed in 2012 as excessive.

On January 6, 2012, this Court issued Amended General Order No. 39, which directs adjustments made for cost of living increases be computed using the CPI-South index as published by the Bureau of Labor Statistics.  Using this, the allowable hourly rate for 2011 is $174.00, the allowable hourly rate for 2012 is $180.00, and the allowable hourly rate for 2013 is $183.00.  Using Plaintiff's the maximum allowable rates for 2011, 2012, and 2013 results in an EAJA award in this case of $3,581.70 representing 3.80 hours in 2011 at $174.00 per hour, 14.70 hours in 2012 at $180.00 per hour, and 1.50 hours in 2013 at $183.00 per hour.

Further, this Court has reviewed Plaintiff's request for 20.00 hours of attorney work during 2011, 2012, and 2013.  ECF No. 12.  Plaintiff has submitted an itemized bill in support of that request.  *Id.*  Defendant has no specific objection to Plaintiff's itemized bill.  ECF No. 14.  Upon review, this Court finds the hours requested are reasonable and should be awarded and finds Plaintiff is entitled to 3.80 hours of attorney work at an hourly rate of hourly rate of $174.00 for work performed in 2011, 14.70 hours of attorney work at an hourly rate of hourly rate of $180.00 for work performed in 2012, and 1.50 hours of attorney work at an hourly rate of hourly rate of $183.00 for work performed in 2013 resulting in a total award of $3,581.70.

Defendant claims the fees awarded should be paid directly to Plaintiff pursuant to *Ratliff*. ECF No. 14.  *Ratliff* requires that attorney's fees be awarded to the "prevailing party" or the litigant. *See Astrue v. Ratliff,* 130 S.Ct. 2521, 2528 (2010).  Thus, these fees must be awarded to Plaintiff, not to Plaintiff's attorney.  However, if Plaintiff has executed a valid assignment to Plaintiff's

4

attorney of all rights in an attorney's fee award and Plaintiff owes no outstanding debt to the federal government, the attorney's fee may be awarded directly to Plaintiff's attorney.

4.    **Conclusion:**

Based upon the foregoing, Plaintiff is awarded **$3,581.70** in attorney's fees pursuant to the EAJA, 28 U.S.C. § 2412.

**ENTERED** this **8th day of February 2013.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE